UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elizabeth Stachovic, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>     -v-<br><br>Pig Newton, Inc.,<br><br>                              Defendant. | CIVIL ACTION NO: 1:24-cv-6589 (VF)<br><br>REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's Individual Practices, the parties met on February 7, 2025 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

1.   Court Expectations:

   **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

   **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

   **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and

minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page. Counsel represent by their signature below that they have read and will comply with the above.**

2. <u>Summary of Claims, Defenses, and Relevant Issues</u>:

<u>Plaintiff</u>: Plaintiff's Class Action Complaint asserts one claim for violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, based upon Defendant's alleged disclosure of their personally identifiable information to Meta Platforms, Inc.

<u>Defendant</u>: Defendant denies any violation of the Video Privacy Protection Act ("VPPA") through its website www.louisck.com (the "Website"). Defendant asserts that Plaintiff cannot meet her burden of establishing that the Website disclosed any individual's video-watching behavior to any third party.

3. <u>Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)</u>:

The Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 2710.

4. <u>Subjects on Which Discovery May Be Needed</u>:

<u>Plaintiff</u>: Plaintiff anticipates taking discovery on the following topics: (1) the

allegations in Plaintiff's complaint; (2) Defendant's use of the Meta Pixel technology on its website; (3) the damages owed by Defendant to Plaintiff and the putative class members.

<u>Defendant</u>: Defendant anticipates taking discovery on the following topics: (1) the allegations in Plaintiff's Complaint, including Plaintiff's class action allegations and her ability or inability to maintain this case as a class action; (2) the nature and extent of Plaintiff's interactions with the Website; and (3) the nature and extent of Plaintiff's relationship with third parties to whom any information was allegedly disclosed, including but not limited to Meta ("Facebook") and Google.

5. <u>Informal Disclosures</u>:

Plaintiff will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on <u>February 28, 2025</u>. On February 28, 2025, Plaintiff will produce an initial set of relevant documents identified in her Initial Disclosures and will continue to supplement her production.

Defendant will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on <u>February 28, 2025</u>. On <u>February 28, 2025</u>, Defendant will produce an initial set of relevant documents identified in its Initial Disclosures, if applicable, and will continue to supplement its production as applicable and where required by law.

6. <u>Discovery Plan</u>:

The parties jointly propose to the Court the following discovery plan:

A. All fact discovery must be completed by <u>December 12, 2025</u>. Within one week of the close of fact discovery, that is <u>December 19, 2025</u>, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B. The parties will conduct discovery in accordance with the Federal Rules of

Civil Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

    i. <u>Depositions</u>: Depositions shall be completed by <u>September 12, 2025</u> and limited to no more than <u>3</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>April 11, 2025</u>. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>July 10, 2025</u>, and in any event no later than 30 days before the fact discovery deadline.

    iv. <u>Requests for Production</u>: Initial requests for production will be exchanged on <u>April 11, 2025</u> and responses shall be due on <u>May 11, 2025</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7. <u>Anticipated Discovery Disputes</u>:

Describe any anticipated discovery disputes or proposed limitations on discovery. The parties anticipate the need for potentially significant third-party discovery.

Issues may arise in the course of third-party discovery that cannot be accounted for at this time.

8. Amendments to Pleadings:

   a. Does any party anticipate amending the pleadings? No.

   b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is March 12, 2025. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

9. Expert Witness Disclosures:

   a. Does any party anticipate utilizing experts? Yes.

   b. Expert discovery shall be completed by March 13, 2026.

   Within one week of the close of expert discovery, that is, March 20, 2025, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

10. Electronic Discovery and Preservation of Documents and Information:

    a. Have the parties discussed discovery of electronically stored information (ESI)? Yes.

    b. Is there an ESI discovery protocol in place? No. If not, the parties expect to have one in place by April 11, 2025.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? No.

11. Early Settlement or Resolution:

    The parties have discussed the possibility of settlement. The parties request a settlement conference by no later than April 17, 2025. The following information

35758600.1                                    5

is needed before settlement can be discussed: <u>Class size and insurance information</u>.

12. <u>Trial</u>:

   a. The parties anticipate that this case will be ready for trial by <u>May 15, 2026</u>.

   b. The parties anticipate that the trial of this case will require <u>five</u> days.

   c. The parties <u>do not</u> consent to a trial before a Magistrate Judge at this time.

   d. The parties request a <u>jury</u> trial.

13. <u>Other Matters</u>:

   None.

Respectfully submitted this <u>21st</u> day of <u>February 2025</u>.


| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| <u>/s/ *Tyler Somes*</u> | <u>/s/ *Jennifer W. Torrez*</u> |

Dated:    New York, New York

   _____, 2025

SO ORDERED.

_____

VALERIE FIGUEREDO

United States Magistrate Judge

35758600.1

6